UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JASON BRYAN CUTSHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:21-CV-96 |
| | ) | |
| NEWPORT POLICE DEPARTMENT | ) | |
| and B. CASSADY, | ) | |
| *a Newport Police Department Officer*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed a Motion [Doc. 1] to proceed *in forma pauperis*. The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Plaintiff is representing himself in this action.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute therefore allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if its states that

the petitioner cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

Here, Plaintiff's Application to Proceed Without Prepayment of Fees and Petitioner's economic status have been considered and the Court has determined that they support granting leave for Plaintiff to proceed *in forma pauperis*. The Application to Proceed Without Prepayment of Fees [Doc. 1], therefore, is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see also Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319. [1] Plaintiff's claim may not proceed for the reasons set forth below.

## I. Factual Allegations

Plaintiff alleges that Officer Cassady violated his constitutional freedoms of speech and expression and also harassed and embarrassed Plaintiff. The purported wrongdoing involves Officer Cassady's reaction to Plaintiff standing on an interstate on-ramp with a sign that read "I Stand For my Expression of WRITTEN FREEDOM OF Speech, GOD Loves You."[2] According to Plaintiff's account, on June 5, 2021, Officer Cassady pulled off the road where Plaintiff was standing and repeatedly questioned whether Plaintiff was a sex offender. Despite initiating that

---

[1] While Plaintiff is not a prisoner, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D.Pa. 1997).

[2] Plaintiff typically stands on the interstate on-ramp every Saturday and Sunday with his sign except during rainy weather. While he does not expressly solicit money, Plaintiff noted that he does receive donations from some cars.

line of questioning, Plaintiff states that the officer never took time to crosscheck his name and even told Plaintiff that he knew him. Officer Cassady then advised Plaintiff that he would have to leave his location on the on-ramp. At that point, Officer Cassady allegedly asked Plaintiff whether he knew where the freedom of speech stopped. The officer then purportedly advised Plaintiff that the freedom of speech stops where the law begins and threatened Plaintiff with arrest or citation for his activities. Plaintiff states that he videotaped Officer Cassady committing these violations of his rights. Plaintiff ultimately submits the officer's behavior violated his rights as an American. Based on these averments, Plaintiff asks that the Court to (1) enjoin Officer Cassady and Newport Police from further harassing people for protected speech and (2) award him $250,000.00 to compensate him for the violation of his constitutional rights, harassment, embarrassment, and for insinuating Plaintiff was a sex offender.

## II. Legal Analysis

42 U.S.C. § 1983 creates a federal cause of action against any person acting under color of law who causes a plaintiff to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws." To be successful in a § 1983 action, a plaintiff must demonstrate both that he or she was deprived of rights under the Constitution or other laws and that a defendant caused the deprivation while acting under color of law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (quoting *United States v. Classic,* 313 U.S. 299, 326 (1941)). Law enforcement actions are considered to be official where those acts are the result of "acts representing official

policy or custom" of the agency. *Ferrick v. Winchester Police Dep't*, No. 4:12-CV-29, 2015 WL 4563203, at *4 (E.D. Tenn. July 29, 2015).

The instant action involves a suit against a law enforcement officer and the police department where he is employed. While suits against local law enforcement divisions, such as sheriff and police departments, are not actionable under § 1983, the Court in liberally construing a pro se pleading may treat a § 1983 claim against a law enforcement division as being made against the county or city government in which the division is housed. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see e.g. Weber v. Louisville Metro Police Dep't*, No. 3:16-CV-85-DJH, 2016 WL 1242584, at *3 (W.D. Ky. Mar. 29, 2016). Here, Plaintiff is proceeding pro se. Liberally construing the instant complaint, the Court finds it appropriate to treat the claim as being against the individual law enforcement officer, B. Cassady, and his employing municipality, the City of Newport, Tennessee.

The Court next considers whether the substance of the allegations against Officer Cassady and the City of Newport are sufficient to proceed under § 1983. The Complaint primarily contends that Officer Cassady chilled Plaintiff's First Amendment rights by directing him to vacate his location on an interstate on-ramp where Plaintiff was holding a sign with expressive content. Under Tennessee law, "local authority may, with respect to any controlled-access roadway under their respective jurisdictions, prohibit the use of that roadway by pedestrians. . .." Tenn. Code Ann. § 55-8-127(a). A violation of the provision where signage is posted amounts to a Class C misdemeanor under state law. Tenn. Code Ann. § 55-8-127(b). Addressing compliance with this provision, state law provides that "[n]o person shall willfully fail or refuse to comply with any lawful order or direction of any police officer invested by law with authority to direct, control or regulate traffic." Tenn. Code Ann. § 55-8-104. At issue is whether Officer Cassady could enforce

these provisions of state law when doing so would collaterally impact a Plaintiff's First Amendment activities. It is well established that states and localities may implement laws that regulate the time, place, and manner of speech without offending the First Amendment. *Prime Media, Inc. v. City of Brentwood, Tenn.*, 398 F.3d 814, 818 (6th Cir. 2005). "Under the 'time, place, and manner' test, restrictions on speech 'are valid provided [1] that they are justified without reference to the content of the regulated speech, [2] that they are narrowly tailored [3] to serve a significant governmental interest, and [4] that they leave open ample alternative channels for communication of the information.'" *Hucul Advert., LLC v. Charter Twp. of Gaines*, 748 F.3d 273, 276 (6th Cir. 2014) (quoting *Prime Media*, 398 F.3d at 818).

Here, Officer Cassady was merely enforcing a traffic safety law. The Court will address this law under the time, place, and manner test. First, the legal restriction of pedestrians traffic on any portion of a controlled access roadway clearly serves the neutral purpose of preventing harm to pedestrians and impeding motor vehicle traffic. In other words, the limitation on pedestrians applies regardless of a pedestrian's purpose for being on this controlled access roadway. Second, the provision is narrowly tailored in that it does not prevent pedestrians from displaying expressive content on other city, state, or federal highways that are not part of a controlled access roadway network. Third, the City of Newport has a significant interest in creating safe roads and preventing collisions between motorists and pedestrians on controlled access roadways, and especially in areas such as interstate on-ramps, that cannot be remedied absent a law prohibiting the presence of pedestrians. The Court notes that interstate on-ramps are typically used for acceleration onto faster-moving roadways. Having pedestrians stationed on these ramps risks distractions to drivers accelerating onto busy controlled access interstates. Finally, as has been noted, Plaintiff may hold his signage along the side of any local, state, or federal highway not expressly covered by this

safety provision or other permissible restriction on speech. Because the instant restriction fits within the parameters set for a time, place, and manner limitation, the Court concludes Plaintiff has failed to set forth a claim for infringement of his First Amendment rights. In reaching this conclusion, the Court reminds Plaintiff that there are many forums for speech not encumbered by this limited roadway safety law.

Plaintiff separately alleges harassment and embarrassment—specifically raising the officer's questioning of whether Plaintiff was a registered sex offender. The Court notes the questioning underlying Plaintiff's claims occurred during Plaintiff's combative exchange with Officer Cassady regarding his right to stand on the interstate on-ramp. As this Court has noted, Officer Cassady could enforce state traffic laws, even where those laws incidentally impacted Plaintiff's speech. Liberally construing Plaintiff's harassment and embarrassment allegation, the Court finds the allegations most closely track with a claim for false light. Restatement (Second) of Torts § 652E (1977) (explaining that to set forth this claim, the tortfeasor must know the information at issue was false and must share that false information.). While Tennessee law does recognize the tort of false light, such a claim does not apply to the instant facts. *See Brown v. Mapco Exp., Inc.*, 393 S.W.3d 696, 706 (Tenn. Ct. App. 2012). Here, Officer Cassady merely questioned Plaintiff about whether Plaintiff was a registered sex offender. There is no evidence in the Complaint to suggest that Officer Cassady knew Plaintiff was not a sex offender when he questioned Plaintiff. Instead, Plaintiff merely states the officer told Plaintiff he knew him. Moreover, the officer never published information insinuating that Plaintiff was a sex offender to any third-party nor is there an indication that there was any other person present when Officer Cassady made these statements. Plaintiff's complaint, even liberally construed, fails to set forth a cognizable claim for harm suffered from the exchange regarding whether Plaintiff was a sex

offender. In reaching this decision, the Court reminds Plaintiff that its job is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). A pro se litigant is "not automatically entitled to take every case to trial. *Id.* (quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996)). Even when addressing Plaintiff's claim under this liberal standard, the Court concludes that it should not proceed for the reasons set forth.

### III.	Conclusion.

For reasons stated above, it is **RECOMMENDED** that Plaintiff's Complaint [Doc. 2] be **DISMISSED** with prejudice as Plaintiff has failed to state a claim on which relief may be granted. This matter must now be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[3]

Respectfully submitted,

s/ Cynthia Richardson Wyrick  
UNITED STATES MAGISTRATE JUDGE

---

[3] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).